IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DESMOND DENARD BROWN | § | |
| v. | § | CIVIL ACTION NO. 6:10cv648 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Desmond Brown, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his confinement. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Brown complained of convictions for aggravated robbery and aggravated assault, which he received in the 124th Judicial District of Gregg County, Texas, on December 12, 2006. He received concurrent sentences of 15 years. Brown did not take a direct appeal, but filed an application for the writ of habeas corpus in state district court on December 10, 2009. This application was denied without written order on March 2010. Brown then filed a second state petition on September 1, 2010, which was denied on September 29, 2010. He signed his federal petition, which raised issues of double jeopardy, ineffective assistance of counsel, a coerced guilty plea, and a discrepancy between the date in the indictment and the date in the police report, on November 26, 2010.

After review of the pleadings, the Magistrate Judge ordered Brown to show cause why his petition should not be dismissed as barred by the statute of limitations. *See* Day v.

McDonough, 547 U.S. 198, 210 (2006). Brown filed a response on March 11, 2011, saying that his petition should not be barred by limitations because he is actually innocent, he only pleaded guilty because of his attorney's ineffectiveness, and his guilty plea was coerced.

After review of the pleadings, the Magistrate Judge issued a Report on March 16, 2011, recommending that the petition be dismissed as barred by the statute of limitations. The Magistrate Judge rejected Brown's arguments why it should not be barred, noting that the Fifth Circuit has expressly held that claims of actual innocence are not a "rare and exceptional circumstance" and thus provide no basis for equitable tolling of the limitations period. Felder v. Johnson, 204 F.3d 168, 173 (5th Cir. 2000). The Magistrate Judge stated that Brown's conviction became final in January of 2007, and the limitations period expired in January of 2008, but he waited until December of 2009 in which to file his *first* challenge to this conviction through a state habeas corpus application. Thus, the Magistrate Judge concluded that Brown had not exercised "reasonable diligence" and so was not entitled to have the statute of limitation equitably tolled.

A copy of the Magistrate Judge's Report was sent to Brown at his last known address, return receipt requested, but no objections have been received; accordingly, Brown is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc)*.

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge (docket no. 6) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus is hereby DISMISSED with prejudice as barred by the statute of limitations. It is further

2

ORDERED that the Petitioner Desmond Brown is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**SIGNED this 6th day of May, 2011.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE